UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. LOVE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01619 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Robert Love's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The Government filed its Response [doc. #4] on December 22, 2008.

### I.     **BACKGROUND FACTS**

On December 1, 2005, a grand jury in the Eastern District of Missouri indicted Robert Love ("Movant"), charging him with six offenses, including: possession with intent to distribute in excess of 50 grams of cocaine base (crack) in violation of 28 U.S.C. § 841(a)(1); being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Movant initially waived his right to file pretrial motions, and he appeared before this Court on March 1, 2006, for the purpose of entering a guilty plea. At that appearance, however, Movant changed his mind and expressed his desire to proceed to trial. After he was appointed new counsel and a trial date was determined, Movant filed a Motion for Leave to Set Aside

Waiver and to File Motion to Suppress Statements and Seized Objects. After this Court granted the Motion, Movant filed his Motion to Suppress Evidence and Statements. On September 21, 2006, there was a hearing on the Motion to Suppress before Magistrate Judge Frederick R. Buckles. Movant's wife was called to testify, but she refused to do so, invoking her Fifth Amendment privilege against self-incrimination. Subsequently, Movant decided to waive his right to file pretrial motions for the second time, and he appeared before this Court for a change of plea hearing on the same day.

At the September 21, 2006 change of plea hearing, Movant was placed under oath and promised to tell the truth, acknowledging that he understood that he was not obligated to answer questions but that if he chose to answer untruthfully he could face perjury charges. He then answered several questions about his background and general competency, and the Court found that he was fully capable of entering an informed plea. In response to further questioning by the Court, Movant stated that he had received a copy of the indictment, that he understood what an indictment was, and that he had fully discussed the charges and the case against him with his attorney, David Harlan. The indictment specifically charged, among other things, that Movant "possess[ed] with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack)." In addition, the Court asked the U.S. Attorney to read aloud the counts in the indictment to which Movant intended to plead guilty. While reading the three counts, the U.S. Attorney explicitly referred to Movant's possession of "cocaine base or crack." In response, Movant stated that he understood the charges.

U.S. Attorney Roger Keller recited facts the Government would prove if called upon to do so before a jury or a Judge. He stated that on November 11, 2005, a police officer witnessed

2

what he suspected to be a drug transaction involving Movant. The officer stopped Movant's vehicle and observed a clear plastic bag containing a white substance, which the officer believed was a controlled substance. The officer arrested Movant and seized a pistol and sixteen individual bags containing a total of 6.59 grams of "cocaine base, crack." During a subsequent search of Movant's home, officers seized three more bags containing a total of 115.75 grams of "cocaine base or crack" and another firearm. When the officers later informed Movant of this seizure, he spontaneously responded, "[t]he crack and gun are mine." U.S. Attorney Keller also stated that a police laboratory analyzed the substances contained within the seized bags and determined that they were indeed "cocaine base, crack."

The recitation of facts covered four and one-half pages in the change of plea hearing transcript. After Mr. Keller finished speaking, the Court asked Movant if he had any disagreement with any facts Mr. Keller had stated on the record. His counsel said that Movant believed that his wife was coerced into signing the consent to search form and was scared into invoking her Fifth Amendment rights. Movant adopted his counsel's statements, none of which touched upon cocaine base, "crack," or any controlled substance. The Court asked him, "[o]ther than your statement which you adopted from your counsel, do you agree with the other facts stated in the plea agreement?" Movant, under oath, testified, "[y]es." (Change of Plea Hrg. Tr. P.12 L.22-P.19 L.20).

The Court questioned Movant about his relationship with his attorney, and he stated that he was entirely satisfied with his attorney's services up to that time. Movant indicated that there was nothing counsel had done or failed to do that would cause Movant to have any complaint against him. (Change of Plea Hrg. Tr. P.9 L.18-P.10 L.1). He further stated that he had read the

3

plea agreement, discussed it with his attorney, and that he understood the terms. The plea agreement contains the same facts that the U.S. Attorney recited at the hearing, and throughout it refers to the controlled substances at issue as "cocaine base (crack)." Similarly, throughout the hearing, the term specifically used was "cocaine base, crack." The Court explained how Movant's sentence would be calculated for each count, telling Movant that he would be accountable for possessing less than 150 grams of "cocaine base" under Count IV, and explained that there was a ten year mandatory minimum sentence associated with that charge. He was then told that there was a five year consecutive mandatory minimum sentence associated with the felon in possession of a firearm charge. (Change of Plea Hrg. Tr. P.25 L.22-P.26 L.25). He said he understood the range of punishment and that the five year mandatory minimum sentence of Count VI had to be served consecutively to, on top of, or in addition to any sentence he would receive in Count IV, so his minimum sentence would be 15 years. (Change of Plea Hrg. Tr. P.28 L.17-P.30 L.20). After stating that he understood the charges and conferring with his attorney, Movant entered a guilty plea.

After explaining what would occur at the sentencing hearing, Movant plead guilty to counts IV, V, and VI. He said he understood all of the questions and that he answered them truthfully and honestly. (Change of Plea Hrg. Tr. P.35 L.1-16). The Court sentenced Movant to a term of 200 months.

On April 14, 2008, Movant's attorney filed a Motion to Reduce Sentence after the United States Sentencing Commission lowered the guidelines range applicable to cocaine base offenses. The Court granted the Motion, and reduced Movant's sentence to 120 months.

On October 12, 2008, Movant filed the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He asserts ineffective assistance of counsel as his sole ground for relief, and he asks this Court "to remand this matter back for resentencing."

## II. STANDARD OF REVIEW

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## III. DISCUSSION

### A. RIGHT TO EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance on appeal. 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and*

*Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that this "deficient performance prejudiced the defense" because "counsel's errors were so serious" they deprived movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). The Supreme Court has held that this two-part test also applies in situations where a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial, as is the present case. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the prejudice requirement in this situation, a movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

When evaluating whether an attorney's performance was so deficient that it failed to meet the Sixth Amendment's guarantee of "counsel," the Court applies "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Movant bears the burden of proving counsel's performance was unreasonable, considering the all of the circumstances. *Id.* There is "a strong

7

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Movant asserts that his counsel was ineffective for failing to fully explain to him that, under the sentencing guidelines, "cocaine base" means crack cocaine. Movant also claims that his counsel failed to argue that the Court lacked a sufficient factual basis to sentence Movant under the sentencing guidelines containing heightened penalties for possession of crack cocaine. Movant argues that without proof that he knew the cocaine base he possessed was crack cocaine, the Court could not impose the heightened sentence associated with possession of crack cocaine. The Court finds that Movant's arguments lack merit.

The record reflects that Movant's counsel was justified in believing that Movant understood he was being charged with possession of crack cocaine, and that the Court was sentencing Movant under the proper guidelines. At his change of plea hearing, Movant informed the Court that he had received a copy of his indictment and had discussed all of the charges with his attorney. The indictment charged that Movant "possess[ed] with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack)." The Court asked the U.S. Attorney present at the hearing to recite the three charges in the indictment to which Movant intended to plead guilty. In doing so, the U.S. Attorney explicitly referred to Movant's possession of "cocaine base or crack." After hearing the charges, Movant stated that he understood them.

Additionally, the U.S. Attorney summarized the facts that the Government would have used to prove its case at trial. He stated that on November 11, 2005, Movant was arrested and sixteen individual bags containing "cocaine base, crack" were seized along with a pistol. During a

8

subsequent search of Movant's home, three more bags of "cocaine base or crack" and another firearm were seized. When the police officers informed Movant of these seizures, he spontaneously responded, "[t]he crack and gun are mine." The U.S. Attorney also stated that a police laboratory analyzed the drugs and determined that they were "cocaine base, crack." Movant indicated to the Court that he did not object to the facts. Further, the plea agreement that Movant signed contains the same facts that the U.S. Attorney recited at the hearing, and it refers to the controlled substances at issue as "cocaine base (crack)" throughout the document. It also includes the statement that Movant made after his arrest that "[t]he crack and gun are mine." Movant told the Court that he understood the terms of the plea agreement and that, before he had signed the agreement, he had read it and discussed it with his attorney.

After the indictment had been discussed, the facts of the Government's case had been reviewed, the plea agreement had been analyzed, and the Court had revealed the possible sentence range, Movant expressed that he fully understood the charges in the case against him and the possible punishment. He expressed no confusion throughout the hearing. He repeatedly heard the Court and the Government refer to his possession of "crack," and he also read this same reference in the indictment and plea agreement. Notwithstanding the constant and consistent references made by the Court and the Government to his possession of "crack," Petitioner never once asserted that he was unaware that he had possessed crack cocaine.

Based on the aforementioned circumstances, it cannot be said that Movant's counsel acted unreasonably by not arguing that it was inappropriate to sentence Movant under the guidelines for possession of crack cocaine. A reasonable attorney would not raise an objection or make an

9

argument before the Court based on an assertion completely unsupported by the facts.[1] Movant's statement under oath and his execution of the plea agreement indicate that he fully understood that he was charged with possession of crack cocaine. Nothing in the record suggests otherwise. Furthermore, Movant told the Court that he had no complaints against his attorney. He indicated that he was fully satisfied with his attorney's assistance.

Movant also argues that counsel was deficient for failing to thoroughly examine U.S. Sentencing Guidelines Manual § 2D1.1 note D, which states that under the sentencing guidelines, "cocaine base" means "crack." Movant suggests that counsel should have argued that, based upon this note, Movant could not be sentenced under the heightened "crack" sentencing guidelines because the evidence did not prove that Movant actually possessed "crack." However, within the plea agreement and during the plea hearing, the Government clearly stated that the laboratory test results established that the controlled substances possessed by Movant were "cocaine base, crack." The Government, therefore, specifically claimed that, under U.S. Sentencing Guidelines Manual § 2D1.1 note D, Movant could be sentenced in accordance with the heightened penalties for possession of crack cocaine. Thus, it is clear that the parties were aware of, and had considered, the applicability of § 2D1.1 note D, and it was not unreasonable for Petitioner's counsel to decline to make an argument under that section, because it would have been contradicted by the evidence.

While Movant asserts that his counsel was deficient, the record establishes that his counsel helped him enter into a favorable plea agreement. Three of the charges against Movant were

---

[1] While an attorney in a criminal proceeding may "require that every element of the case be established," making legally or factually frivolous arguments violates the Model Rules of Professional Conduct. *See* Model Rules of Prof'l Conduct R. 3.1.

dropped. The Government also agreed not to file an enhancement that would have resulted in a mandatory minimum life sentence for one of the counts. Furthermore, Movant's counsel petitioned the Court to reduce Movant's sentence when the applicable guidelines range was reduced, and this petition was successful. These circumstances show that counsel's assistance in this case was not unreasonable or deficient. There is no indication that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1987). There is no evidence that his counsel was deficient in any way in representing Movant. Movant has therefore clearly failed to meet the first prong of the *Strickland* test. As both prongs of the *Strickland* test must be satisfied in order for an ineffective assistance of counsel claim to succeed, there is no need for the Court to analyze the second prong.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V. CONCLUSION

Movant's claim of ineffective assistance of counsel is clearly refuted by the record in this case, and therefore an evidentiary hearing is not required. Further, Movant is unable to prove that

his counsel's performance did not meet an objective standard of reasonableness. Such failure is fatal to his ineffective assistance of counsel claim.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Robert Love's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

**IT IS FURTHER ORDERED** that Movant's Motion to Set a Time for Filing a Reply to the Government's Response [doc. #5], filed more than three months after the Government filed its Response, is **DENIED, as moot**.

Dated this 8th Day of April, 2009.

/s/ E. Richard Webber
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE